## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Tammy Kennedy,

    Plaintiff,

          v.                             Case No.  1:23cv493

Lady Jane's Haircuts for                   Judge Michael R. Barrett
Men Holding Company, LLC, *et al.*,

    Defendants.

### OPINION & ORDER

This matter is before the Court upon Defendants' Motion to Dismiss or, in the Alternative, to Stay Action and to Compel Arbitration. (Doc. 21). Plaintiff has filed a Response in Opposition (Doc. 34); and Defendants filed a Reply (Doc. 36). Plaintiff also filed Notices of Supplemental Declarations. (Doc. 41, 42). Defendants then filed a Reply in Further Support of their Motion to Dismiss and in Opposition to Plaintiff's Request to Seek Discovery Related to Ms. Wawrzniak and Ms. Bender's Arbitration Agreements (Doc. 43) and a Notice of Supplemental Authority (Doc. 44). Plaintiff filed a Response to Defendants' Notice of Supplemental Authority. (Doc. 45).

### I.    BACKGROUND

Defendants Lady Jane's Haircuts for Men Holding Company, LLC; Lady Jane's Milford, OH, LLC; Lady Jane's Clearwater, FL, LLC; Chad Johnson; Tim McCollum; Jesse Dhillon; Alicia Bunch; Joe Does 1-10; and Doe Corporations 1-10 (collectively "Lady Jane's") operate a men's-only hair salon with over 100 locations throughout the United States. (Doc. 1, PageID 2). Plaintiff seeks to represent stylists who have previously worked at Lady Jane's locations in Ohio. (Id., PageID 33).

According to the Complaint, Lady Jane's controls the services stylists can provide, the prices they can charge, and their work schedules. (Id., PageID 21-23).  However, Lady Jane's treats stylists as independent contractors, rather than employees, so stylists are paid a percentage of the final service charge clients pay instead of a direct wage. (Id., PageID 21). Plaintiff claims that even though stylists are integral to Defendants' primary business, they make less than minimum wage in some or all workweeks and do not receive overtime pay. (Id., PageID 26).

Plaintiff—on behalf of herself and other stylists who have worked at Lady Jane's at Ohio locations—alleges, among other things, minimum-wage-law and overtime-law violations because Lady Jane's was an employer that misclassified stylists as independent contractors. (Id., PageID 33, 40-43). Plaintiff pursues a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., (Doc. 1, PageID 33), and also seeks the certification of a class pursuant to Federal Rule of Civil Procedure 23(b)(3). (Id., PageID 35). Several other stylists have filed consents to join this matter. (See, e.g., Docs. 6-1, 7-1, 8-1, 9-1, 10-1, 11-1).

Lady Jane's explains that the stylists entered into independent contractor agreements and agreed to pursue their claims though individual arbitration. (Doc. 21, PageID 259).  Lady Jane's relies on the arbitration provision contained in the independent contractor agreement ("Agreement"):

> LJ and CONTRACTOR agree to use binding arbitration, instead of going to court, for any "Covered Claims" that arise or have arisen between CONTRACTOR and LJ and/or any current or former employee of LJ.  The arbitration proceedings shall be administered by the American Arbitration Association under its Commercial Arbitration Rules ("Arbitration Rules") in effect at the time a demand for arbitration is made, and judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof . . . . **The parties understand and agree that**

2

**arbitration is the only forum for resolving Covered Claims, and that both parties are waiving the right to a trial before a judge or jury in federal or state court in favor of arbitration for Covered Claims.**

(Doc. 21-1, PageID 286) (emphasis in original). Plaintiff does not deny that she signed the Agreement.[1] Plaintiff also does not dispute that her claims fall with within the Agreement's definition of "Covered Claims."[2]

Lady Jane's maintains that because Plaintiff's claims are subject to a valid, enforceable arbitration agreement, this Court lacks jurisdiction. Lady Jane's asks this Court to dismiss Plaintiff's complaint with prejudice, pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6), or, in the alternative, to stay the action and compel individual arbitration. (Id., PageID 255).[3] Plaintiff responds that the arbitration agreement is unenforceable because it is void as to public policy and it is unconscionable.

## II.   ANALYSIS

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, codifies "a national policy favoring arbitration when the parties contract for that mode of dispute resolution." *Preston*

---

[1]Plaintiff did submit the declarations of Marie Wawrzyniak and Elizabeth Bender, who stated that they did not remember signing the Agreement. (See Docs. 41, 42). However, Lady Jane has submitted copies of the Agreement electronically signed by Wawrzyniak (Doc. 40-3, PageID 521) and Bender (Doc. 40-3, PageID 521). Courts in Ohio have "upheld arbitration agreements executed electronically even where a plaintiff alleges she never signed or acknowledged an arbitration agreement." *Stephens v. Frisch's Big Boy Restaurants*, No. 1:19-CV-954, 2020 WL 4754682, at *3 (S.D. Ohio July 30, 2020) (collecting cases), *report and recommendation adopted*, No. 1:19CV954, 2020 WL 4748578 (S.D. Ohio Aug. 17, 2020).

[2]The Agreement provides that it "covers and applies to any and all claims, whether arising before or after execution of this Agreement, relating to the CONTRACTOR's relationship with LJ or the termination of that relationship." (Doc. 21-1, PageID 287).

[3]Lady Jane's also maintains that if the Court does not order arbitration, the Court should dismiss Lady Jane's Clearwater, FL, LLC and the Individual Defendants for lack of personal jurisdiction. (Doc. 21, PageID 258). Plaintiff concedes Lady Jane's Clearwater, FL, LLC should be dismissed for lack of jurisdiction. (Doc. 34, PageID 422).

*v. Ferrer*, 552 U.S. 346, 349, 128 S.Ct. 978, 169 L.Ed.2d 917 (2008). Section 2 of the FAA provides that an agreement to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Section 4 explains that "[a] party aggrieved by the alleged failure, neglect or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4.

"Generally, when asked to compel arbitration under a contract, a court determines whether the parties agreed to arbitrate their dispute." *Swiger v. Rosette*, 989 F.3d 501, 505 (6th Cir. 2021) (citing *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000)). This limited review involves four tasks:

> first, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration.

*Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000). "The FAA, however, allows parties to agree that an arbitrator, rather than a court, will determine ' 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy.' " *Swiger*, 989 F.3d at 505 (quoting *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 68-69 (2010)). "Such an agreement, commonly known as a delegation clause, requires ' 'clear and unmistakable' evidence that the parties agreed to have an arbitrator decide' arbitrability." *Id.* (quoting *Blanton v. Domino's Pizza Franchising LLC*, 962 F.3d 842, 848 (6th Cir. 2020)). "[A] valid delegation provision removes judicial purview and transfers the question of arbitrability to an

arbitrator." *Becker v. Delek US Energy, Inc.*, 39 F.4th 351, 355 (6th Cir. 2022).

Here, the Agreement states that "any and all disputes concerning the arbitrability of any claim" will be decided by an arbitrator. (Doc. 21-1, PageID 286). This provision "clearly and unmistakably" delegates questions of arbitrability to an arbitrator. *See McGee v. Armstrong*, 941 F.3d 859, 865-66 (6th Cir. 2019) (quoting *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002)). In addition, the parties expressly agreed that "[t]he arbitration proceedings shall be administered by the American Arbitration Association under its Commercial Arbitration Rules . . . in effect at the time a demand for arbitration is made." (Doc. 21-1, PageID 286). It is well-settled that these AAA Rules "clearly and unmistakably" empower an arbitrator to decide questions of arbitrability. *Blanton v. Domino's Pizza Franchising LLC*, 962 F.3d 842, 845 (6th Cir. 2020); *see also Ciccio v. SmileDirectClub, LLC*, 2 F.4th 577, 582 (6th Cir. 2021) ("By incorporating the AAA rules, the parties agreed that an arbitrator would decide gateway questions of arbitrability.").

However, the parties do not mention the Agreement's delegation clause. Instead, Lady Jane's asks this Court to find the Agreement's arbitration provision enforceable. (Doc. 21, PageID 264-269). Plaintiff also states that the question of arbitrability is for the Court to decide. (Doc. 34, PageID 405). Therefore, this Court will consider the delegation argument forfeited and proceed to consider the provision's enforceability. *See Morgan v. Sundance, Inc.*, 596 U.S. 411, 419 (2022) (applying general waiver rules to arbitration agreements); *see also Swiger*, 989 F.3d at 506 (quoting *Danley v. Encore Cap. Grp., Inc.*, 680 F. App'x 394, 399 (6th Cir. 2017) ("If a party fails to 'acknowledge their delegation provision[ ], let alone challenge [it] (below, or on appeal),' they forfeit any such

5

challenge.").

In deciding whether the parties agreed to arbitrate, courts apply "ordinary state-law principles that govern the formation of contracts." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995). "Therefore, state law governs 'generally applicable contract defenses [to an arbitration clause], such as fraud, duress, or unconscionability.'" *Great Earth Companies, Inc. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002) (quoting *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687, 116 S.Ct. 1652, 134 L.Ed.2d 902 (1996)). In this case, the parties appear to agree that Ohio law applies in determining whether there is a valid, enforceable arbitration agreement.[4]

Plaintiff does not challenge the formation or existence of the contract between the parties. There is also no dispute regarding the scope of the arbitration agreement. In addition, "[i]t is well established that wage-related claims are arbitrable." *Gavin v. Lady Jane's Haircuts for Men Holding Co., LLC*, No. 2:23-CV-12602, 2024 WL 2231667, at *3 (E.D. Mich. May 16, 2024) (citing *Ramirez v. Bridgestone Retail Operations, LLC*, No. 12-cv-14480, 2013 WL 1507221, at *3 (E.D. Mich. Apr. 12, 2013)); *see also Gaffers v. Kelly Servs., Inc.*, 900 F.3d 293, 296 (6th Cir. 2018) ("And because the FLSA does not 'clearly

---

[4]The Agreement contains a forum section clause which states that it "shall be governed by the laws of the State of Michigan without reference to principles of conflict of laws." (Doc. 21-1, PageID 265). In Ohio, "[t]he law of the state chosen by the parties to govern their contractual rights and duties," unless "the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice" or that state's law would be "contrary to a fundamental policy of a state which has a materially greater interest." *Schulke Radio Prods., Ltd. v. Midwestern Broad. Co.*, 453 N.E.2d 683, 686 (Ohio 1983). Here, one of the Defendants, Lady Jane's Haircuts for Men Holding Company, LLC, is headquartered in Michigan (Doc. 1, PageID 4), but "the Agreements were executed and performed in Ohio" (Doc. 34, PageID 406). The parties agree there is no apparent conflict between Ohio and Michigan contract law and have applied Ohio law in their briefs (Doc. 21, PageID 265; Doc. 34, PageID 406-407). Therefore, the Court does the same.

6

and manifestly' make arbitration agreements unenforceable, we hold that it does not displace the Arbitration Act's requirement that we enforce the employees' agreements as written.").  Instead, Plaintiff maintains that the arbitration agreement is unenforceable because it violates public policy and it is unconscionable.

Plaintiff's public policy argument rests on a provision in the Agreement which states that "[t]he arbitrator shall also be bound by any applicable LJ handbooks, rules, policies and procedures."  (Doc. 21-1, PageID 286).  Plaintiff takes the position that this language binds an arbitrator "to follow Defendants' rules and procedures as though they are the law." (Doc. 34, PageID 408).  However, the arbitration agreement also provides: "In reaching a decision, the arbitrator shall apply the substantive law that is applicable to the claims." (Doc. 21-1, PageID 286).  Therefore, the fact that the arbitration agreement also binds arbitrators to any applicable LJ handbooks, rules, policies and procedures does not make it void as against public policy.  *Accord Gavin v. Lady Jane's Haircuts for Men Holding Co., LLC*, No. 2:23-CV-12602, 2024 WL 2231667, at *4 (E.D. Mich. May 16, 2024) (reviewing the same language in a nearly identical arbitration agreement).[5]

The Court now turns to Plaintiff's arguments regarding unconscionability.  In Ohio, unconscionability encompasses two separate concepts: (1) individualized circumstances surrounding each of the parties to a contract such that no voluntary meeting of the minds was possible, *i.e.*, "procedural unconscionability"; and (2) unfair and unreasonable

---

[5]Plaintiff also argued that this provision is substantively unconscionable because it "would allow an employee to waiver his FLSA rights and, instead, be governed by whatever policies Defendants want."  (Doc. 34, PageID 410).  However, based on the additional language in the arbitration agreement directing the arbitrator to apply the applicable substantive law, the Court concludes that the arbitration agreement is not substantively unconscionable on this basis.  *Accord Gavin v. Lady Jane's Haircuts for Men Holding Co., LLC*, No. 2:23-CV-12602, 2024 WL 2231667, at *4 (E.D. Mich. May 16, 2024).

contract terms, *i.e.*, "substantive unconscionability." *Eastham v. Chesapeake Appalachia, L.L.C.*, 754 F.3d 356, 365 (6th Cir. 2014) (internal quotation marks omitted) (citing *Collins v. Click Camera & Video, Inc.*, 86 Ohio App. 3d 826, 621 N.E.2d 1294, 1299 (Ohio Ct. App. 1993)).  As this Court has explained:

> When looking to whether an arbitration agreement is procedurally unconscionable, courts must generally base their determination on the totality of the circumstances. *Hayes*, 908 N.E.2d at 414 ("All of the factors must be examined and weighed in their totality in determining whether an arbitration agreement is procedurally unconscionable").  In short, "[p]rocedural unconscionability ... concerns the formation of the agreement, and occurs when one party has such superior bargaining power that the other party lacks a 'meaningful choice' to enter into the contract." *Thomas v. Hyundai*, 154 N.E.3d 701, 709 (Ohio Ct. App. 2020) (citing *DeVito v. Autos Direct Online, Inc.*, 37 N.E.3d 194, 201 (Ohio Ct. App. 2015)).

*Hamilton v. Fischer Single Fam. Homes IV, LLC*, No. 3:24-CV-101, 2024 WL 3638111, at *4 (S.D. Ohio Aug. 2, 2024).

Plaintiff claims that the arbitration agreement is unconscionable because it is a contract of adhesion.  Plaintiff explains that the agreement was presented on a "take it or leave it" basis.  Plaintiff also points out that the employer-employee relationship is inherently unbalanced and the stylists were coerced into signing the agreements.  However, "by itself, the inability to alter a contract's terms is insufficient to establish procedural unconscionability." *Hutzell v. Power Home Solar, LLC*, No. 1:22-CV-00437, 2024 WL 2291968, at *6 (S.D. Ohio May 21, 2024) (quoting *Metro. Prop. & Cas. Ins. Co. v. Pest Dr. Sys., Inc.*, No. 3:14-cv-143, 2015 WL 4945767, at *9 (S.D. Ohio Aug. 20, 2015)).  Moreover, in Ohio, "[t]he party asserting unconscionability of a contract bears the burden of proving that the agreement is both procedurally and substantively unconscionable." *Hayes v. Oakridge Home*, 122 Ohio St. 3d 63, 67, 908 N.E.2d 408, 412 (Ohio 2009).  Therefore, Plaintiff has failed to meet her burden to establish both

procedural and substantive unconscionability.

Finally, Plaintiff claims that the arbitration provision is unenforceable as cost prohibitive. (Doc. 34, PageID 413). When "a party seeks to invalidate an arbitration agreement on the ground that arbitration would be prohibitively expensive, that party bears the burden of showing the likelihood of incurring such costs." *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 92 (2000). Plaintiff explains that the AAA's Commercial Arbitration Rules include a cost-splitting provision. Plaintiff maintains that this provision makes the arbitration cost-prohibitive for a minimum-wage worker to pursue. (Doc. 34, PageID 413-414). In an almost identical case, another district court has already concluded that the arbitration agreement is unenforceable insofar as it incorporates the cost-splitting provision from the AAA Commercial Arbitration Rules. *Pugh v. Lady Jane's Haircuts for Men Holding Co., LLC*, 660 F. Supp. 3d 712, 724 (M.D. Tenn. 2023). However, the district court also found that this provision was severable from the arbitration agreement, and the AAA Employment Arbitration Rules and Mediation Procedures governed by default. *Id.* at 725; *see also Gavin*, 2024 WL 2231667, at *5 (same).[6] This Court will follow suit. Therefore, the Court finds the provision unenforceable and severs the cost-splitting provision.

Having found that Plaintiff's claims are subject to arbitration and the arbitration agreement is enforceable, this Court must determine whether it should dismiss Plaintiff's claims or enter a stay of the action. The Sixth Circuit has instructed that when one party requests a stay "a district court should enter a stay in the normal course." *Arabian Motors Grp. W.L.L. v. Ford Motor Co.*, 19 F.4th 938, 942 (6th Cir. 2021) (citing 9 U.S.C. § 3). The

---

[6]The AAA's Employment Arbitration Rules require employers to pay the fees and costs of arbitration.

United States Supreme Court has clarified that "[w]hen a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding."  *Smith v. Spizzirri*, 601 U.S.472, 478 (2024).  Lady Jane's has requested a stay as an alternative to its motion to dismiss.  (Doc. 21, PageID 255; Doc. 44, PageID 585).  Because the claims against Lady Jane's are subject to arbitration, and Lady Jane's requested a stay, this Court will stay this action pending arbitration.

### III.  <u>CONCLUSION</u>

Based on the foregoing, Defendants' Motion to Dismiss or, in the Alternative, to Stay Action and to Compel Arbitration (Doc. 21) is **DENIED in PART and GRANTED in PART**.  Defendants' Motion to Dismiss is **DENIED**, but Defendants' Motion to Stay Action and Compel Arbitration is **GRANTED**.  This matter shall be **STAYED** pending arbitration.  Accordingly, Defendants' Motion to Stay the Briefing on Plaintiff's Motion to Send FLSA Notice (Doc. 25) is **DENIED as MOOT**.

**IT IS SO ORDERED.**

_____*/s/ Michael R. Barrett*_____
Michael R. Barrett
United States District Judge